UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DEREK MORTLAND**, | ) |
| | ) |
| Plaintiff, | ) Case No.: 3:24-cv-582 |
| v. | ) |
| | ) |
| **TOLEDO PI ACQUISITIONS, LLC**, | ) Judge: |
| an Ohio Limited Liability Company | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **DEREK MORTLAND**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Toledo PI Acquisitions, LLC for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, **DEREK MORTLAND**, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

    Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **DEREK MORTLAND** ("Plaintiff" or "Mr. Mortland") is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant **TOLEDO PI ACQUISITIONS, LLC** owns and/or operates the Hilton Garden Inn, which is a hotel located at 101 N. Summit St., Toledo, Ohio 43604 in Lucas County.

6. Upon information and belief, the hotel owned and operated by the Defendant underwent extensive renovation and alteration by the Defendant commencing in 2020, concluding in 2022, and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA to all altered public accommodation area is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. As a component of the Defendant's extensive renovation to its primary function areas in 202-22 it did not dedicate resources to an accessible path of travel, whereas the law requires up to 20% of the cost of the alteration to be applied to accessible routes.

8. Upon information and belief, the hotel owned or operated by Defendant Toledo PI Acquisitions, LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

9. Mr. Mortland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert, and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Ohio and in Northwest Ohio.

11. On November 21, 2022, Plaintiff was an overnight lodging patron at the Defendant's hotel as *bona fide* guest while on business in the immediate area. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

13. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the

ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the Hilton Garden Inn hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking and Accessible Routes**

A. In the parking garage, the accessible parking is not located on the shortest accessible route to the building entrances, in violation of the ADA section 208.3.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

B. In the parking garage, many of the accessible stalls in the garage are missing the required accessible post mounted sign, in violation of the ADA section 502.6 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

C. In the parking garage, the access aisles are not located on an accessible route of travel to the accessible building entrance, in violation of the ADA sections 208.3.1 and 502.3 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

D. In the parking garage, there are no designated "van accessible" parking spaces, in violation of the ADA section 502.6 of the 2010 Standards whose remedy is strictly required or is at minimum readily achievable.

E. In the parking garage, the parking space identification signs are not posted a minimum of 60 inches above the finish floor or ground service measured to the bottom of the sign, in violation of the ADA section 502.6 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

F. The building entrance off Summit Street is not located on an accessible route, in violation of the ADA section 206.2.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

G. At least 60% of all public entrances must be accessible and on an accessible route whereas presently they are not, in violation of the ADA section 206.4.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

**Men's Public Restroom**

H. At the Men's public restroom entry, the door exceeds the maximum allowable opening force of 5 pounds, in violation of the ADA section 404.2.9 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

I. In the Men's restroom, the paper towel dispenser's operation mechanism is higher than the maximum 48 inches above the floor, in violation of the ADA section 308.2.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

J. In the Men's restroom, the compartment door landing does not have 18 inches of strike side clearance, in violation of the ADA section 404.2.4.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

K. In the Men's restroom, the rear grab bar is not a minimum of 36 inches in length, in violation of the ADA section 604.5.2 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

L. In the Men's restroom, the rear grab bars and side grab bar are not rounded, smooth, and free of sharp or abrasive elements, in violation of the ADA section 609.5 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

M. In the Men's restroom, the rear grab bars and side bar are not correctly spaced from the wall or partition, in violation of the ADA section 609.3 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

N. In the Men's restroom, the flush control is not accessible because it requires tight grasping, tight pinching, or twisting of the wrist to operate, in violation of the ADA section 309.4 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

**Women's Public Restroom Main Floor**

O. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

**Water Fountain**

P. Near the Men's restroom, there is not compliant knee clearance under the drinking fountain, in violation of the ADA section 602.2 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

**Guest Room # 516**

Q. In guest room #516, the door operating hardware exceeds maximum height requirements, in violation of the ADA section 404.2.7 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

R. In guest room #516, the lamp controls throughout the room are not accessible because they require tight grasping, tight pinching, or twisting of the wrist to operate, in violation of the ADA section 309.4 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

S. In guest room # 516, the light switches are out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

T. In guest room #516, the operable parts of shower controls are not located within the allowable height range, in violation of the ADA section 608.5.2 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

U. In guest room #516, the shower sprayer is out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable e.

V. In guest room #516, the hand-held sprayer unit is not equipped with a non-positive on/off control, in violation of the ADA section 608.6 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

W. In guest room #516, the toilet rear grab bar is not a minimum 36 inches in length, in violation of the ADA section 604.5.2 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

X. In guest room #516, the toilet rear grab bar does not extend adequately passed the toilet on the wide side, in violation of the ADA section 604.5.2 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

Y. In guest room #516, the mirror is mounted above the allowable height above the lavatory and/or counter to its reflective surface, in violation of the ADA section 603.3 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

Z. In guest room #516, the towel shelf is out of the minimum allowable reach range for a side approach, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

AA. In guest room #516, the clothes iron is out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

BB. In guest room #516, the shelf or storage facility is positioned too high for either a side or front approach, in violation of the ADA section 308.2.1 and 308.3.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

CC. In guest room #516, the sign providing directional, and information is noncompliant, in violation of the ADA section 216.3 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

DD. In guest room #516, the coat hook is installed greater than 48 inches above the finished floor, in violation of the ADA section 308.2.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

**Guestrooms**

EE. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property types offered include king bed, two queen beds, king bed with river view, two queen beds with river view rooms for able bodied patrons. However, patrons who require an accessible suite are limited to the type of an accessible single King bed or king with river view guestroom. Guests with families or companions cannot obtain an extra bed without securing and paying for more than one guestroom. This is in violation of the ADA whose remedy is readily achievable.

FF. Upon information and belief, the Hilton Garden Inn has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 85 guestrooms, there must be a minimum of 4 mobility accessible guestrooms without a roll-in shower and a minimum of 1 of mobility accessible guestrooms with a roll-in shower, totaling 5 designated mobility accessible guestrooms.

**Front Desk**

GG. At the front desk, the accessible portion of the countertop does not extend the same depth as the sales or service counter, in violation of the ADA section 904.4 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

HH. At the front desk, the counter surface is greater than 36 inches off the finished floor, in violation of the ADA section 904.4.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

**Policies and Procedures**

II. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

JJ. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct towards Derek Mortland.

KK. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this 17-story hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

17. The discriminatory violations described in Paragraph 16 by Defendant Toledo PI Acquisitions, LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's

accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel at issue, as owned and operated by Toledo PI Acquisitions, LLC constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical

barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations to bring the property into full compliance, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. The Defendant Toledo PI Acquisitions, LLC operates or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

25. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Whereas, Mr. Mortland has personally experienced numerous barriers to his personal access and enjoyment of the hotel, including a lack of compliant designated accessible parking, two dangerous steeply sloped ramps, and barriers located in his own transient lodging guestroom.

26. The Defendant's acts are willful, severe and ongoing.

27. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owend Dunn, Jr.
6800 W. Central Avenue, Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net