**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**DEREK MORTLAND,**

    **Plaintiff,**

    v.                                              Case No.:  3:24-CV-582

                                                           Magistrate Judge Darrell A. Clay

**TOLEDO PI ACQUISITIONS, LLC,**

    **Defendant.**

_____/

**CONSENT DECREE AND ORDER**

    **WHEREAS**, Mortland filed this action against Toledo PI for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and the Ohio Disability Discrimination Law, O.R.C. §4112.01 et seq., at a hotel commonly referred to as Hilton Garden Inn located at 101 N. Summit St., Toledo, Ohio 43604 (the "Property");

    **WHEREAS**, Mortland sought an injunction requiring Toledo PI to alter the Property as required by the ADA and Ohio law, and an order awarding Mortland his reasonable attorneys' fees and costs and compensatory and punitive damages;

    **WHEREAS**, Toledo PI expressly denies that the Property is in violation of the ADA and Ohio law, and denies any other wrongdoing or liability whatsoever;

    **WHEREAS**, the Parties desire to avoid further expense, time, effort, and uncertainty in regards to this action and have therefore agreed to resolve this matter; and

    **WHEREAS**, the Parties acknowledge that nothing in this Consent Decree and Order ("Consent Decree") constitutes or shall be construed as an admission of liability by Toledo PI, nor shall it in any way support a finding that Mortland is a "prevailing party" within the meaning of any statute.

    **NOW, THEREFORE**, in consideration of the promises and mutual covenants set forth in this Consent Decree, the Parties request the Court to enter a consent judgement accordingly:

**ADA ACCESSIBILITY AND BARRIER REMOVAL**

    1.    In response to and in settlement of the allegations contained in Mortland's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, Toledo PI agrees to perform the following barrier removal, alterations, and modifications at and to the Property within two (2) years from the entry of this Consent Decree,

subject to reasonable extensions due to acts of God, force majeure or events beyond the control of Toledo PI, such as the inability to obtain building or zoning permits, failure of city/county inspectors to make inspections, contractor defaults or work stoppages ("Remediation Period"):

**Parking and Hotel Entrance**

A. Toledo PI will provide at the location identified on Exhibit "1" directional signage to the accessible route from the parking garage to the hotel in compliance with Section 703 of the 2010 Standards.

B. Toledo PI will install compliant post mounted signage for each designated accessible parking space in accordance with Section 502.6 of the 2010 Standards.

C. Toledo PI will create and provide at the Summit Street side entrance directional signage to the accessible entrance at main entrance by the valet turn around in compliance with Section 703 of the 2010 Standards.

D. Toledo PI will relocate a credit card reader to the lowered portion of the registration counter.

**Mobility Accessible Guestroom #516**

E. Toledo PI will lower the guestroom entry door operating hardware (door latch) not to exceed 48 inches to its operable parts, in compliance with Section 404.2.7 of the 2010 Standards.

F. Toledo PI will lower light switches throughout the room so that they do not exceed 48 inches in reach range above the finish floor.

G. Toledo PI will lower the operable parts of the shower controls and shower sprayer controls so that they do not exceed 48 inches above the finish floor.

H. Toledo PI will lower the towel shelf not to exceed 48 inches above the finish floor.

I. Toledo PI will relocate the iron so that it is within 48 inches of reach range above the finish floor.

J. Toledo PI will lower the robe hook not to exceed 48 inches above the finish floor.

K. Toledo PI will install new directional and information signage on the door with font size of the emergency evacuation information and directions no less than 5/8" character height, in compliance with Section 216.3 of the 2010 Standards.

L. Toledo PI will lower the mirror so that it does not exceed 40 inches in height from the finish floor to the reflective surface or provide an alternate full length mirror.

**Men's Public Restroom**

M. Toledo PI will install a door closer, an automatic door, or otherwise adjust the men's restroom door so that it does not exceed 5lbs of pressure to operate.

N. Toledo PI will lower the men's restroom paper towel dispenser's operable parts so that it does not exceed 48 inches above the finish floor.

O. Toledo PI will reconfigure the men's restroom accessible toilet compartment stall to provide 18 inches of maneuvering clearance at the latch/strike side.

P. Toledo PI will reconfigure plumbing and remount grab bars around the men's room water closet in compliance with Section 604.5.2 and 604.5.1 of the 2010 Standards and ensure that they are rounded, smooth, and free of sharp or abrasive elements.

**Mobility Accessible Guestrooms Generally**

Q. Toledo PI will utilize an ADA Accessibility Consultant or architect to survey its other existing Mobility Accessible Guestrooms and the women's public restroom to identify barriers to handicap access that do not conform to applicable ADA Standards and conduct all remediations recommended by the Consultant to the maximum extent feasible.

R. Toledo PI will provide guestrooms with mobility features as necessary to total four with an ADA-compliant tub or transfer shower (without a roll-in shower) and one mobility accessible guestroom with roll-in shower to equal five total mobility accessible guestrooms. Toledo PI will disburse these mobility accessible guestrooms to provide river view options. To the extent that an accessible guest contacts front desk staff and requests a two (2) queen accessible room and Toledo PI does not offer a two (2) queen accessible room, Toledo PI will provide training for front desk staff at the property such that staff can properly and accurately describe to the individual requesting the mobility accessible rooms that, when available, a two (2) queen room adjoining a compliant mobility accessible king bed guestroom can be booked at no extra charge to the customer.

**Policies and Procedures**

S. Toledo PI will create and adopt reasonable policies and procedures regarding maintenance of accessible features and emergency evacuation plans and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

T. Toledo PI will create or modify existing emergency evacuation plans to account for the needs of guests with disabilities.

U. Upon prior written request from Plaintiff, Toledo PI will provide Mortland one (1) day's access to the Property between January 2, 2027 and February 28, 2027 to inspect the

remedial measures referenced in this Consent Decree. The Parties shall cooperate to schedule the date and time that minimizes interference with Toledo PI's operations.

2.      Mortland and Mortland's representatives, including Mortland's counsel of record, hereby represent and warrant that they are presently unaware of any ADA or Ohio law violations at the Property, other than those alleged violations addressed by the modifications to be made pursuant to Paragraph 1 of this Agreement.

3.      <u>Undertaking by Plaintiff Mortland</u>.  Mortland agrees that he is releasing Toledo PI and Toledo PI's parent companies, subsidiaries, divisions, affiliates, related companies, predecessors successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree, including but not limited to any and all claims pursuant to Title III of the ADA, the Ohio Disability Discrimination Law and any other federal, state or local law governing accessibility for persons with disabilities at public accommodations.  Mortland further agrees that the completion of the above-referenced modifications will fully resolve his claims against Toledo PI in the above-captioned matter and consents to the Court's dismissal of this matter.

4.      The Parties agree and the Court is advised that the modifications and alterations agreed to be made by Toledo PI at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans With Disabilities Act, 42 U.S.C. §12101 et seq. (as amended effective January 1, 2009) and under Ohio Law.

5.      Upon completion of the above-listed modifications, the Parties agree and the Court is advised that the Property is in compliance with the Americans with Disabilities Act and Ohio law to the extent readily achievable as such is in good faith interpreted by the Parties.

## **ENFORCEMENT PROVISIONS**

6.      <u>Jurisdiction</u>.  The Parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Consent Degree.  In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Northern District of Ohio.  The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.  As to any litigation between the Parties arising out of or related to this Consent Decree, the prevailing party shall be entitled to recover its reasonable fees, expenses and costs from the non-prevailing party.

7.      <u>Judgment</u>. Based upon the foregoing, the Court finds that this Consent Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith and in the public interest.  The Court enters judgment accordingly:

**WHEREEFORE, IT IS ORDERED, ADJUDGED AND DECREED** that each party be and they are hereby ordered to comply with the terms and conditions of this Consent Decree and Order entered into as a result of the settlement of the Parties.

**IT IS FURTHER ORDER, ADJUDGED AND DECREED** that upon completion of the responsibilities set forth in this Consent Decree and Order, that Toledo PI be and is hereby found to comply with what work was intended by the Parties to have met the requirements of the Americans with Disabilities Act, 42 U.S.C.§ 12010 et. seq. and applicable Ohio Law.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that with the concurrence of each of the parties, this matter be dismissed with prejudice with each party to bear its own attorneys' fees, costs and expenses and that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Consent Decree and Order.

Dated: December 4, 2024

DARRELL A. CLAY
U.S. MAGISTRATE JUDGE

Approved for entry by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Scot A. Hinshaw, Esq.
Scot A. Hinshaw, Esq., Counsel for the Defendant

Approved for entry by the parties:

/s/ Derek Mortland                    11/ 21 /2024
Derek Mortland                        Date

Toledo PI Acquisitions, LLC
By its authorized representative:

/s/ Anthony J. Mathena                11/22/2024
                                      Date